**FILED**

MAR 1 0 2011

CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 11 - 1009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| TODD R. MONROE, DPM, and MONROE | ) | |
| HEALTH CARE INNOVATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, by its counsel, Brendan V. Johnson,

United States Attorney for the District of South Dakota, and Robert Gusinsky,

Assistant United States Attorney, states the following as its complaint against

Defendants:

## INTRODUCTION

1. On August 23, 2010, Defendant, Todd R. Monroe ("Monroe"), DPM,

pled guilty to one count of false statements relating to health care matters in

violation of 18 U.S.C. § 1035. Defendant Monroe, was sentenced on

December 6, 2010, and a Judgment of Conviction was entered on December 8,

2010. Exhibit 1.

2. Defendant Monroe admitted in his Factual Basis Statement that,

on or between approximately January 1, 2005, and November 30, 2008, in the

District of South Dakota, "[he] knowingly and willfully made false entries on

patient records indicating he performed certain procedures when he knew he

had not.  Those false records were used to make claims with Medicare,

Medicaid, and private insurers for payment of those supposed procedures."

Exhibit 2.

    3.    In paragraph H of his Plea Agreement, Defendant Monroe, agreed

to make restitution to Medicare in the amount of $13,427.01.  Exhibit 3.

    4.    The United States now files this Complaint to proceed with its civil

claims against both Defendants.

    5.    The United States brings this action on behalf of the Department of

Health and Human Services ("HHS"), including its components, the Centers for

Medicare and Medicaid Services ("CMS"), and any other federal health

insurance benefit program.

    6.    Defendant Monroe is a licensed podiatrist, who, at all times

relevant to this Complaint, practiced podiatry within the District of South

Dakota.

    7.    Defendant Monroe Health Care Innovations, Inc., is the South

Dakota professional corporation of Monroe.

## JURISDICTION AND VENUE

    8.    The Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a). The Court may exercise

personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a).

2

9.     Venue is proper in the District of South Dakota pursuant to 32 U.S.C. § 3732 and 28 U.S.C. § 1391(b) because, at all relevant times, Defendants resided in this District, transacted business in this District, or because the Defendants committed acts in violation of 32 U.S.C. § 3729 within this District.

## GENERAL ALLEGATIONS

10.     The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

11.     From January 1, 2005, to November 30, 2008, Defendant Monroe, acting individually and through Defendant Monroe Health Care Innovations, Inc., operated a podiatry practice at 411 S. 2nd Street, Aberdeen, SD 57401.

12.     In the course of this podiatry practice, Defendants provided podiatry services to their patients.

13.     During the relevant time period, Defendants billed Medicare for these podiatry services by utilizing certain code numbers provided for in the *Current Procedural Terminology Manual* or *CPT Manual.*

14.     Defendants' submission of billings pursuant to the *CPT Manual* included the submission of billings to Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), since Medicare provided a contract of insurance affecting interstate commerce in the providing of medical benefits and services to certain specified individuals.

3

15. Medicare provided insurance benefits to Defendants' patients pursuant to certain "Part B" benefits, which authorized payments for professional services rendered by podiatrists.

16. Noridian Administrative Services LLC ("Noridian") contracted with CMS to process "Part B" claims in the state of South Dakota. Pursuant to that agreement, Noridian distributed federal Medicare funds to South Dakota podiatrists who filed claims for payment.

## FRAUDULENT CONDUCT

17. The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

18. Medicare does not reimburse podiatrists for trimming patients' toenails.

19. From approximately January 1, 2005, to approximately November 30, 2008, Defendant Monroe trimmed patients' toenails and performed other non-surgical procedures, but he made false entries on the patients' medical records showing that he performed surgical procedures which Defendants billed Medicare as CPT codes 10060 and 10061, when in fact, no surgical procedure was performed. Moreover, Defendants made false entries in the patients' medical records and billing documents by disclosing a false diagnosis of pyogenic granuloma to support the need for surgical procedures when indeed the patients did not have pyogenic granuloma.

4

20.     CPT Code 10060 describes a simple or single incision and drainage of an abscess.  CPT Code 10061 describes a complicated or multiple drainage and incision of abscess.

21.     For example, and not by way of limitation, EK, a Medicare patient, received routine toenail trimmings for about two years, yet Defendants falsely billed Medicare for eight separate surgical procedures pursuant to CPT code 10060 for a total reimbursement received of $547.07.

22.     For example, and not by way of limitation, CCK, a Medicare patient, received routine toenail trimmings and treatments for callouses and corns (non-surgical procedures), yet Defendants falsely billed Medicare for nine separate surgical procedures pursuant to CPT codes 10060 and 10061 for a total reimbursement received of $805.26.

23.     For example, and not by way of limitation, Exhibit 4 contains a detailed listing of the patients for whom Defendants falsely billed for surgical procedures, and which formed the basis for the criminal restitution.

24.     By falsifying patients' medical records, Defendants engaged in a scheme to cover up evidence of fraud, and thus, impede the United States' investigation, effectively spoiling the evidence.

25.     For the patients interviewed (17 patients), 100% of Defendants' claims pursuant to CPT codes 10060 and 10061 are fraudulent.

26. Using the 100% error rate described in paragraph 25, during the relevant time period, Defendants were paid $175,001.67 for CPT code 10060 and $185,734.69 for CPT code 10061 for a total of $360,736.36, as a result of their fraudulent activity described in this Complaint.

## COUNT ONE -
## VIOLATIONS OF THE FALSE CLAIMS ACT

27. The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

28. As set forth above, from at least January 1, 2005, to November 30, 2008, Defendants knowingly presented or caused to be presented for payment false claims or knowingly made, used, or caused to be made or used a false statement or record to get a false or fraudulent claim paid or approved by the government, in violation of 31 U.S.C. § 3729(a)(1) and (2), when they submitted claims to the Medicare program for surgical procedures that were not performed and which were not supported by a proper diagnosis.

29. The United States paid such false or fraudulent claims because of the actions and conduct of Defendants.

30. Defendants' actions and conduct were material to the decision by the United States to pay the false or fraudulent claims.

31. By reason of the Defendants' violations of 31 U.S.C. § 3729(a)(1) and (2), the United States has sustained damages in an amount to be determined by a jury, but no less than Thirteen Thousand Four Hundred

6

Twenty Seven Dollars and one cent ($13,427.01).

WHEREFORE, the United States respectfully requests that this Court enter judgment in its favor and against Defendants in an amount three times the amount of the actual loss to be proven at trial, together with civil penalties as provided by the statutes, together with litigation and investigation costs, as well as any other relief authorized by law.

**COUNT TWO -
COMMON LAW FRAUD**

32.     The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

33.     Between at least January 1, 2005, to November 30, 2008, Defendants engaged in a pattern or practice of making false statements and false claims for payment to Medicare, intending the United States to rely upon these false statements and false claims for payment. Specifically, Defendants represented that they had provided surgical services when they did not and when such surgical services were not indicated by the proper diagnosis.

34.     Defendants knew or should have known that the false claims and false statements enumerated herein were false and fraudulent.

35.     The United States relied upon Defendants' materially false representations and, as a result, the United States has been damaged in an amount to be determined at trial.

7

WHEREFORE, the United States respectfully requests that this Court enter judgment in its favor and against Defendants in an amount to be proven at trial, punitive damages, together with litigation and investigation costs, as well as any other relief authorized by law.

## COUNT THREE -
## UNJUST ENRICHMENT

36.     The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

37.     Because of Defendants' conduct as set forth above, Defendants have been unjustly enriched with federal monies which, in good conscience, they should not be allowed to retain.

38.     Defendants have been unjustly enriched to the detriment of the United States in an amount to be determined at trial.

WHEREFORE, the United States respectfully requests that this Court enter judgment in its favor and against Defendants in an amount to be proven at trial, together with litigation and investigation costs, as well as any other relief authorized by law.

### THE UNITED STATES REQUESTS A TRIAL BY JURY

8

Dated this 10th day of March, 2011.

BRENDAN V. JOHNSON
United States Attorney

By:

_____

ROBERT GUSINSKY
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
(605) 342-7822
(605) 342-1108 (fax)
Robert.Gusinsky@usdoj.gov